```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

JOHNNY COLLINS,                   :
       Plaintiff                  :
                                  :
       vs.                        :  CIVIL NO. 1:CV-09-1181
                                  :
MAYOR OF THE CITY OF HARRISBURG,  :
et al.,
       Defendants                 :


*M E M O R A N D U M*

I.  *Introduction*

      Plaintiff, Johnny Collins, a state inmate at SCI-Forest, Marienville, Pennsylvania, filed this civil rights action claiming he was maliciously prosecuted for aggravated assault to cover up an assault against him by correctional officers at the Dauphin County Prison. He also makes an excessive-force claim for the correctional officers' alleged assault on him, a claim that he was refused medical care after the assault, and a claim that he was harassed at SCI-Camp Hill after he was falsely charged with aggravated assault.

      He names the following defendants: the Mayor of Harrisburg; the Court of Common Pleas; the County Solicitor; the District Attorney; the Chief of Police; Dauphin County Prison; Dominick L. DeRose, the Warden of the Prison; Patrick Horner, a detective, apparently with the City of Harrisburg; Rick Foose and

Fred Wright, correctional officers at the county prison; and Gretchen Rupp, a nurse at the prison.

II. *Standard of Review*

Plaintiff is proceeding in forma pauperis. A complaint filed in forma pauperis may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In deciding whether the complaint fails to state a claim on which relief may be granted, we employ the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). Hence we must accept as true the factual allegations in the complaint and construe any inferences to be drawn from the allegations in the plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Detailed factual allegations are not required, *id.* at 231 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d. 929 (2007)), but the complaint has to plead "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974, and factual allegations "that are 'merely consistent with' a defendant's liability" are not enough. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009). "[M]ore than labels and conclusions" are required. *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65.

III. *Background*

In pertinent part, the complaint alleges the following in regard to the malicious prosecution claim. Defendants Foose and Wright, the correctional officers, and Detective Horner "conspir[ed] and fabricat[ed] a story . . . to have [Plaintiff] prosecuted [for] aggravated assault to cover up [Plaintiff's] being assaulted by prison staff" on April 16, 2006. As part of the conspiracy, they "went to" a magisterial district judge (who presumably approved the charge). (Doc. 1, CM/ECF p. 2).

Plaintiff further alleges that Horner "failed to objectively investigate the incident to determine the truth and entered into the conspiracy to have [him] prosecuted solely based on Foose and Wrights' version. It could have been others who saw the incident but he did not investigate seeking a warrant." (Id.).

Plaintiff alleges the district attorney "was presented with the facts from Horner relating to the prosecuting of Plaintiff . . . from sworn statements of Foose and Wright," and agreed to "carr[y] out" the prosecution, without an investigation, or talking to all the witnesses, because he wanted to comply with the conspiracy to maliciously prosecute Plaintiff. (*Id.*).

Plaintiff seeks to hold other defendants liable on the malicious prosecution claim. He alleges the Mayor is liable because of his failure to supervise city employees and because he breached his obligation to hire law-abiding citizens. (*Id.*, p. 3). He alleges the Court of Common Pleas is liable because it breached

3

its "duty to ensure" that subordinate judicial officers "comply with the law relating to the institution of criminal charges and the prosecution thereof . . . ." (*Id.*). He alleges the Court also breached a duty "to dismiss any and all criminal proceedings upon revelation of those charges being instituted, based upon or otherwise supported by force, fictitious and fabricated . . . evidence." (*Id.*). He alleges the County Solicitor is liable by breaching his duty to see that his subordinates do not engage in unfair or capricious conduct. (*Id.*). He alleges the Chief of Police is liable because he breached an obligation to review investigations undertaken by subordinates to ensure they are not malicious prosecutions. (*Id.*, p. 4). He alleges Warden DeRose is liable because he breached a duty of providing for the safety and protection of prisoners and a duty to ensure that all subordinate employees act in accord "with clearly existing laws, directives, customs, memoranda, and policies pertaining to the treatment of pretrial detainees and that named subordinates do not violate these ethical duties governing their employment and or the rights of those detainees." (*Id.*).

IV. *Discussion*

    A. *The Malicious Prosecution Claim*

The complaint fails to state a claim against defendants Foose, Wright and Horner because the allegations against them are conclusory and, as noted above, conclusory allegations are

4

insufficient. These defendants are charged with a "conspiracy" to "maliciously prosecute" Plaintiff, but Plaintiff has failed to allege any facts to support the allegations of conspiracy or how these defendants falsified their statements or the investigation. Enough facts must be pled to state a plausible claim for relief, *Twombly*, *supra*, 550 U.S. at 570, 127 S.Ct. at 1974, and Plaintiff has failed to allege any facts. However, Plaintiff will be granted leave to file an amended complaint that provides sufficient factual allegations against these defendants.

We note here that Plaintiff has made an additional allegation against Detective Horner, that there "could have been others who saw the incident but he did not investigate." This allegation is insufficient for a claim against Horner. First, Plaintiff only alleges that there "could have been" other witnesses. This conjecture on Plaintiff's part is not enough to state a claim. Second, if this allegation seeks to impose liability on Horner based on negligence, it fails to state a claim. See *Orsatti v. New Jersey State Police*, 71 F.3d 480, 484 (3d Cir. 1995)("[t]he obligation of local law enforcement officers is to conduct criminal investigations in a manner that does not violate the constitutionally protected rights of the person under investigation. Therefore, whether the officers conducted the investigation negligently is not a material fact.").

The claim against the district attorney also fails. Leaving aside that Plaintiff has failed to name a specific

individual, Plaintiff's allegations against the prosecutor are that he carried out the prosecution. For this function, the prosecutor is entitled to absolute immunity. *Kulwicki v. Dawson*, 969 F.2d 1454, 1463-64 (3d Cir. 1992). It is irrelevant that he may not have conducted an investigation. *Id.* (prosecutor protected by absolute immunity for initiation of charges even when he lacks belief that any wrongdoing occurred). The claim against the district attorney will be dismissed without leave to amend.

As noted, Plaintiff seeks to hold other officials liable on the malicious prosecution claim. He alleges the Mayor is liable because of his failure to supervise city employees and because he breached his obligation to hire law-abiding citizens. (Compl., p. 3). He alleges the Court of Common Pleas is liable because it breached its "duty to ensure" that subordinate judicial officers "comply with the law relating to the institution of criminal charges and the prosecution thereof . . . ." (*Id.*). He alleges the Court also breached a duty "to dismiss any and all criminal proceedings upon revelation of those charges being instituted, based upon or otherwise supported by force, fictitious and fabricated . . . evidence." (*Id.*). He alleges the County Solicitor is liable by breaching his duty to see that his subordinates do not engage in unfair or capricious conduct. (*Id.*). He alleges the Chief of Police is liable because he breached an obligation to review investigations undertaken by subordinates to ensure they are not malicious prosecutions. (*Id.*, p. 4). He alleges Warden

6

DeRose is liable because he breached a duty of providing for the safety and protection of prisoners and a duty to ensure that all subordinate employees act in accord "with clearly existing laws, directives, customs, memoranda, and policies pertaining to the treatment of pretrial detainees and that named subordinates do not violate these ethical duties governing their employment and or the rights of those detainees." (*Id.*).

Leaving aside that Plaintiff has not named real persons as defendants (except for Warden DeRose), these claims fail because civil-rights liability requires personal involvement and these claims are couched in terms of liability based solely on the defendants' supervisory status. A defendant in a section 1983 action "must have *personal involvement* in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988)(emphasis added). Allegations of personal involvement must also be made with adequate particularity. *See Iqbal*, *supra*, ___ U.S. at ___, 129 S.Ct. at 1950-51. We will grant leave to amend these allegations, if it is possible for Plaintiff to make enough factual averments concerning these defendants' liability.

    B.   *The Excessive-Force Claim, Harassment Claim, and Medical Claim*

The complaint also makes an excessive-force claim for the correctional officers' alleged assault on him, a claim that he was refused medical care after the assault, and a claim that he

was harassed at SCI-Camp Hill after he was falsely charged with aggravated assault.

These claims appear to duplicate claims already made in another civil rights action Plaintiff had filed, *Collins v. DeRose*, No. 1:CV-08-744 (M.D. Pa.). We will therefore dismiss these claims from this action without prejudice to Plaintiff's pursuing them in No. 08-744. If Plaintiff believes he has actually presented new claims, he should file a motion to amend his complaint in No. 08-744.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: July 10, 2009

IN THE UNITED STATES DISTRICT COURT
                  FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JOHNNY COLLINS,                    :

        Plaintiff                  :

                                   :
        vs.                                CIVIL NO. 1:CV-09-1181
                                   :

MAYOR OF THE CITY OF HARRISBURG,:
et al.,
        Defendants                 :


                            *O R D E R*


        AND NOW, this 10th day of July, 2009, upon consideration

of the complaint under 28 U.S.C. § 1915(e)(2)(B), it is ordered

that:

        1. The malicious prosecution claim is
        dismissed but with leave to amend if Plaintiff
        can allege sufficient facts to support the
        claim as against defendants Foose; Wright;
        Horner; the Mayor of Harrisburg; the Court of
        Common Pleas; the County Solicitor; the Chief
        of Police; Dauphin County Prison; and Dominick
        L. DeRose, the Warden of the Prison.

        2. Any claim against defendant Horner based
        on his failure to investigate because there
        "could have been" other witnesses is dismissed
        without leave to amend.

        3. The malicious prosecution claim against
        the district attorney is dismissed without
        leave to amend based on absolute prosecutorial
        immunity, and the district attorney is
        dismissed from this action.

        4. The excessive-force claim, the claim
        that Plaintiff was refused medical care after
        an assault, and a claim that he was harassed
        at SCI-Camp Hill after he was falsely charged
        with aggravated assault are dismissed without

prejudice to pursuing those claims in No. 08-744.

    5. Plaintiff shall have twenty days from the date of this order to file an amended complaint, or this action will be dismissed.

                                  <u>/s/William W. Caldwell</u>
                                  William W. Caldwell
                                  United States District Judge