IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHNNY COLLINS, :
    Plaintiff :
  :
vs. : CIVIL NO. 1:CV-09-1181
  :
MAYOR OF THE CITY OF HARRISBURG,: et al.,
    Defendants :

*MEMORANDUM*

    We are considering the pro se plaintiff's third motion for extension of time to file an amended complaint. The motion also asks us to help him obtain a lawyer. Plaintiff is Johnny Collins, an inmate at the Dauphin County Prison, who filed this civil-rights action claiming he was maliciously prosecuted for aggravated assault to cover up an assault against him by correctional officers at the prison. He also made an excessive-force claim for the correctional officers' alleged assault on him, a claim that he was refused medical care after the assault, and a claim that he was harassed at SCI-Camp Hill after he was falsely charged with aggravated assault.

    Plaintiff was granted in forma pauperis status. On July 10, 2009, upon an initial review of his complaint under 28 U.S.C. § 1915(e)(2)(B), we dismissed all the claims in Plaintiff's original complaint. *Collins v. Mayor of Harrisburg*, 2009 WL 2058702, at *4 (M.D. Pa.).[1] However, we granted Plaintiff twenty days to file an amended complaint to set forth sufficient facts in support of his malicious prosecution claim as

---

[1] We dismissed the excessive-force claim, the claim for refusal to provide medical care, and the harassment claim because Plaintiff was already pursuing those claims in another lawsuit.

against defendants Foose; Wright; Horner; the Mayor of Harrisburg; the Court of Common Pleas; the County Solicitor; the Chief of Police; Dauphin County Prison; and Dominick L. DeRose, the Warden of the Prison.

In September 2009, Plaintiff was transferred to the Dauphin County Work Release Center. Since then, we granted two other extension motions. On one occasion, December 8, 2009, we gave him an extension of time on our own, in the recognition that Plaintiff's transfer to the Work Release Center may have interrupted his attempt to file an amended complaint. Now back in prison, he asserts he needs another extension so that he can obtain his legal materials, which are at the Work Release Center. He also says that he can only visit the prison law library once a week. We will deal first with his request for a lawyer.

This is a civil action, not a criminal one. Hence a plaintiff has no constitutional or statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Nor can the court compel a lawyer to represent an indigent plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993). Rather, representation for an indigent is governed by 28 U.S.C. § 1915(e)(1) which only provides that the court "may *request* an attorney to represent any person unable to afford counsel." (emphasis added).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel, *Montgomery,* 294 F.3d at 498, and the decision can be made at any point of the litigation. *Id.* at 503-04 ("Either the Magistrate Judge or the District Court should have recognized Montgomery's difficulties as they became increasingly apparent and, in light of them, reconsidered Montgomery's motion for appointment of counsel.").

The Third Circuit has provided guidance for the exercise of the district court's discretion. At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law." *Id.* at 499 (quoting *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)). A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim." *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))(internal quotation marks and brackets omitted).

If the threshold requirement is met, the court then considers a number of factors established by the Third Circuit to determine whether it is appropriate to request counsel for an indigent party. These factors include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57.

"[V]olunteer lawyer time is a precious commodity, *Montgomery, supra,* 294 F.3d at 499, so the district court's "broad statutory discretion" should be exercised "discerningly." *Id.* at 505 n.10. However, if the case "appears to have merit" and "most of the . . . *Tabron* factors have been met, the Third Circuit "instruct[s]" that the district court "should make every attempt to obtain counsel." *Id.* at 505 (quoting *Parham*, 126 F.3d at 461)(internal quotation marks omitted).

We will not seek appointment of counsel. Plaintiff has not satisfied the threshold requirement, as his malicious-prosecution claim lacks merit. Further, we believe Plaintiff has the ability to draft and file an amended complaint setting forth facts that would support such a claim.

3

Turning to the request for an extension of time, we will deny it. As noted, this is Plaintiff's third motion for an extension to file his amended complaint. We granted his previous two, and on one occasion even gave an extension of time on our own. To file the amended complaint Plaintiff need only set forth the facts he believes support his claim of malicious prosecution. To assist him in that regard, we attach a copy of our July 10, 2009, memorandum.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: January 21, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHNNY COLLINS, :

    Plaintiff :

    vs. : CIVIL NO. 1:CV-09-1181

MAYOR OF THE CITY OF HARRISBURG,:
et al.,
    Defendants :

*ORDER*

AND NOW, this 21st day of January, 2010, it ordered that:

    1. Plaintiff's motion for appointment of counsel (doc. 30) is denied.

    2. Plaintiff's motion (doc. 30) for extension of time to file an amended complaint is denied except that he is granted fourteen (14) days from the date of this order to comply with our order of July 10, 2009.

    3. No further extensions of time will be granted.

    4. Plaintiff's failure to comply with this order will result in dismissal of this action.

                            /s/William W. Caldwell
                            William W. Caldwell
                            United States District Judge

**FILED**
HARRISBURG, PA

JAN 2 1 2010

MARY E. D'ANDREA, CLERK
Per _____
      Deputy Clerk

Westlaw.

Slip Copy, 2009 WL 2058702 (M.D.Pa.)
(Cite as: 2009 WL 2058702 (M.D.Pa.))

Only the Westlaw citation is currently available.

United States District Court,
M.D. Pennsylvania.
Johnny COLLINS, Plaintiff
v.
MAYOR OF the CITY OF HARRISBURG, et al.,
Defendants.
Civil No. 1:CV-09-1181.

July 10, 2009.

West KeySummary
Conspiracy 91 ⟶18

91 Conspiracy
    91I Civil Liability
        91I(B) Actions
            91k18 k. Pleading. Most Cited Cases
A prisoner failed to state a civil rights claim against prison officials for conspiracy to maliciously prosecute him. The prisoner alleged that the prison officials conspired to fabricate a story to have him prosecuted for aggravated assault to cover up their assault on him. The prisoner failed to allege any facts to support the allegations of conspiracy or how the officials falsified their statements or the investigation. 42 U.S.C.A. § 1983.

Johnny Collins, Marienville, PA, pro se.

MEMORANDUM

WILLIAM W. CALDWELL, District Judge.

I. *Introduction*

*1 Plaintiff, Johnny Collins, a state inmate at SCI-Forest, Marienville, Pennsylvania, filed this civil rights action claiming he was maliciously prosecuted for aggravated assault to cover up an assault against him by correctional officers at the Dauphin County Prison. He also makes an excessive-force claim for the correctional officers' alleged assault on him, a claim that he was refused medical care after the assault, and a claim that he was harassed at SCI-Camp Hill after he was falsely charged with aggravated assault.

He names the following defendants: the Mayor of Harrisburg; the Court of Common Pleas; the County Solicitor; the District Attorney; the Chief of Police; Dauphin County Prison; Dominick L. DeRose, the Warden of the Prison; Patrick Horner, a detective, apparently with the City of Harrisburg; Rick Foose and Fred Wright, correctional officers at the county prison; and Gretchen Rupp, a nurse at the prison.

II. *Standard of Review*

Plaintiff is proceeding in forma pauperis. A complaint filed in forma pauperis may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In deciding whether the complaint fails to state a claim on which relief may be granted, we employ the standard used to analyze motions to dismiss under Fed.R.Civ.P. 12(b)(6). Hence we must accept as true the factual allegations in the complaint and construe any inferences to be drawn from the allegations in the plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008). Detailed factual allegations are not required, *id.* at 231 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)), but the complaint has to plead "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974, and factual allegations "that are 'merely consistent with' a defendant's liability" are not enough. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "[M]ore

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

than labels and conclusions" are required. *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65.

III. *Background*

In pertinent part, the complaint alleges the following in regard to the malicious prosecution claim. Defendants Foose and Wright, the correctional officers, and Detective Horner "conspir[ed] and fabricat[ed] a story ... to have [Plaintiff] prosecuted [for] aggravated assault to cover up [Plaintiff's] being assaulted by prison staff" on April 16, 2006. As part of the conspiracy, they "went to" a magisterial district judge (who presumably approved the charge). (Doc. 1, CM/ECF p. 2).

Plaintiff further alleges that Horner "failed to objectively investigate the incident to determine the truth and entered into the conspiracy to have [him] prosecuted solely based on Foose and Wrights' version. It could have been others who saw the incident but he did not investigate seeking a warrant." (*Id.*).

*2 Plaintiff alleges the district attorney "was presented with the facts from Horner relating to the prosecuting of Plaintiff ... from sworn statements of Foose and Wright," and agreed to "carr[y] out" the prosecution, without an investigation, or talking to all the witnesses, because he wanted to comply with the conspiracy to maliciously prosecute Plaintiff. (*Id.*).

Plaintiff seeks to hold other defendants liable on the malicious prosecution claim. He alleges the Mayor is liable because of his failure to supervise city employees and because he breached his obligation to hire law-abiding citizens. (*Id.*, p. 3). He alleges the Court of Common Pleas is liable because it breached its "duty to ensure" that subordinate judicial officers "comply with the law relating to the institution of criminal charges and the prosecution thereof ...." (*Id.*). He alleges the Court also breached a duty "to dismiss any and all criminal proceedings upon revelation of those charges being instituted, based upon or otherwise supported by force, fictitious and fabricated ... evidence." (*Id.*). He alleges the County Solicitor is liable by breaching his duty to see that his subordinates do not engage in unfair or capricious conduct. (*Id.*). He alleges the Chief of Police is liable because he breached an obligation to review investigations undertaken by subordinates to ensure they are not malicious prosecutions. (*Id.*, p. 4). He alleges Warden DeRose is liable because he breached a duty of providing for the safety and protection of prisoners and a duty to ensure that all subordinate employees act in accord "with clearly existing laws, directives, customs, memoranda, and policies pertaining to the treatment of pretrial detainees and that named subordinates do not violate these ethical duties governing their employment and or the rights of those detainees." (*Id.*).

IV. *Discussion*

A. *The Malicious Prosecution Claim*

The complaint fails to state a claim against defendants Foose, Wright and Horner because the allegations against them are conclusory and, as noted above, conclusory allegations are insufficient. These defendants are charged with a "conspiracy" to "maliciously prosecute" Plaintiff, but Plaintiff has failed to allege any facts to support the allegations of conspiracy or how these defendants falsified their statements or the investigation. Enough facts must be pled to state a plausible claim for relief, *Twombly*, *supra*, 550 U.S. at 570, 127 S.Ct. at 1974, and Plaintiff has failed to allege any facts. However, Plaintiff will be granted leave to file an amended complaint that provides sufficient factual allegations against these defendants.

We note here that Plaintiff has made an additional allegation against Detective Horner, that there "could have been others who saw the incident but he did not investigate." This allegation is insufficient for a claim against Horner. First, Plaintiff only alleges that there "could have been" other wit-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 2058702 (M.D.Pa.)
(Cite as: 2009 WL 2058702 (M.D.Pa.))

nesses. This conjecture on Plaintiff's part is not enough to state a claim. Second, if this allegation seeks to impose liability on Horner based on negligence, it fails to state a claim. *See Orsatti v. New Jersey State Police,* 71 F.3d 480, 484 (3d Cir.1995) ("[t]he obligation of local law enforcement officers is to conduct criminal investigations in a manner that does not violate the constitutionally protected rights of the person under investigation. Therefore, whether the officers conducted the investigation negligently is not a material fact.").

*3 The claim against the district attorney also fails. Leaving aside that Plaintiff has failed to name a specific individual, Plaintiff's allegations against the prosecutor are that he carried out the prosecution. For this function, the prosecutor is entitled to absolute immunity. *Kulwicki v. Dawson,* 969 F.2d 1454, 1463-64 (3d Cir.1992). It is irrelevant that he may not have conducted an investigation. *Id.* (prosecutor protected by absolute immunity for initiation of charges even when he lacks belief that any wrongdoing occurred). The claim against the district attorney will be dismissed without leave to amend.

As noted, Plaintiff seeks to hold other officials liable on the malicious prosecution claim. He alleges the Mayor is liable because of his failure to supervise city employees and because he breached his obligation to hire law-abiding citizens. (Compl., p. 3). He alleges the Court of Common Pleas is liable because it breached its "duty to ensure" that subordinate judicial officers "comply with the law relating to the institution of criminal charges and the prosecution thereof ...." (*Id.*). He alleges the Court also breached a duty "to dismiss any and all criminal proceedings upon revelation of those charges being instituted, based upon or otherwise supported by force, fictitious and fabricated ... evidence." (*Id.*). He alleges the County Solicitor is liable by breaching his duty to see that his subordinates do not engage in unfair or capricious conduct. (*Id.*). He alleges the Chief of Police is liable because he breached an obligation to review investigations undertaken by subordinates to ensure they are not malicious prosecutions. (*Id.,* p. 4). He alleges Warden DeRose is liable because he breached a duty of providing for the safety and protection of prisoners and a duty to ensure that all subordinate employees act in accord "with clearly existing laws, directives, customs, memoranda, and policies pertaining to the treatment of pretrial detainees and that named subordinates do not violate these ethical duties governing their employment and or the rights of those detainees." (*Id.*).

Leaving aside that Plaintiff has not named real persons as defendants (except for Warden DeRose), these claims fail because civil-rights liability requires personal involvement and these claims are couched in terms of liability based solely on the defendants' supervisory status. A defendant in a section 1983 action "must have *personal involvement* in the alleged wrongs." *Rode v. Dellarciprete,* 845 F.2d 1195, 1208 (3d Cir.1988) (emphasis added). Allegations of personal involvement must also be made with adequate particularity. *See Iqbal, supra,* --- U.S. at ----, 129 S.Ct. at 1950-51. We will grant leave to amend these allegations, if it is possible for Plaintiff to make enough factual averments concerning these defendants' liability.

B. *The Excessive-Force Claim, Harassment Claim, and Medical Claim*

*4 The complaint also makes an excessive-force claim for the correctional officers' alleged assault on him, a claim that he was refused medical care after the assault, and a claim that he was harassed at SCI-Camp Hill after he was falsely charged with aggravated assault.

These claims appear to duplicate claims already made in another civil rights action Plaintiff had filed, *Collins v. DeRose,* No. 1:CV-08-744 (M.D.Pa.). We will therefore dismiss these claims from this action without prejudice to Plaintiff's pursuing them in No. 08-744. If Plaintiff believes he has actually presented new claims, he should file a

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 4

Slip Copy, 2009 WL 2058702 (M.D.Pa.)
(Cite as: 2009 WL 2058702 (M.D.Pa.))

motion to amend his complaint in No. 08-744.

We will issue an appropriate order.

*ORDER*

AND NOW, this 10th day of July, 2009, upon consideration of the complaint under 28 U.S.C. § 1915(e)(2)(B), it is ordered that:

1. The malicious prosecution claim is dismissed but with leave to amend if Plaintiff can allege sufficient facts to support the claim as against defendants Foose; Wright; Horner; the Mayor of Harrisburg; the Court of Common Pleas; the County Solicitor; the Chief of Police; Dauphin County Prison; and Dominick L. DeRose, the Warden of the Prison.

2. Any claim against defendant Horner based on his failure to investigate because there "could have been" other witnesses is dismissed without leave to amend.

3. The malicious prosecution claim against the district attorney is dismissed without leave to amend based on absolute prosecutorial immunity, and the district attorney is dismissed from this action.

4. The excessive-force claim, the claim that Plaintiff was refused medical care after an assault, and a claim that he was harassed at SCI-Camp Hill after he was falsely charged with aggravated assault are dismissed without prejudice to pursuing those claims in No. 08-744.

5. Plaintiff shall have twenty days from the date of this order to file an amended complaint, or this action will be dismissed.

M.D.Pa.,2009.
Collins v. Mayor of City of Harrisburg
Slip Copy, 2009 WL 2058702 (M.D.Pa.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.