IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHNNY COLLINS, :
    Plaintiff :
:
vs. : CIVIL NO. 1:CV-09-1181
:
MAYOR OF THE CITY OF HARRISBURG,:
et al.,
    Defendants :

*M E M O R A N D U M*

I.     *Introduction*

      Plaintiff, Johnny Collins, currently an inmate at the York County Prison, York, Pennsylvania, filed this civil-rights action arising from his incarceration at the Dauphin County Prison, Harrisburg, Pennsylvania. Collins claimed he was maliciously prosecuted in Dauphin County court for aggravated assault to cover up an assault against him by Dauphin County correctional officers. He also made an excessive force claim for the correctional officers' alleged assault on him, a claim that he was refused medical care after the assault, and a claim that he was harassed at SCI-Camp Hill after he was falsely charged with aggravated assault.

      On July 10, 2009, we dismissed all of the claims but allowed Plaintiff to file an amended complaint on his malicious prosecution claim. *See Collins v. Mayor of Harrisburg*, 2009 WL 2058702, at *4 (M.D. Pa.). After several extensions of time to do so, Plaintiff has filed his amended complaint, and we are considering that complaint for legal sufficiency under 28 U.S.C. § 1915(e)(2)(B).

      As we advised Plaintiff in our July 10, 2009, memorandum, we employ the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). Hence we

must accept as true the factual allegations in the complaint and construe any inferences to be drawn from the allegations in the plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Detailed factual allegations are not required, *id.* at 231 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d. 929 (2007)), but the complaint has to plead "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974, and factual allegations "that are 'merely consistent with' a defendant's liability" are not enough. *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "[M]ore than labels and conclusions" are required. *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65.

II.     *Background*

In Plaintiff's original complaint, he alleged on his malicious prosecution claim that defendants Foose, Wright and Horner "conspir[ed] and fabricat[ed] a story . . . to have [Plaintiff] prosecuted [for] aggravated assault to cover up [Plaintiff's] being assaulted by prison staff" on April 16, 2006.  (Doc. 1, Am. Compl. CM/ECF p. 2).  We concluded these allegations were deficient because they did not present facts "to support the allegations of conspiracy or how these defendants falsified their statements or the investigation."  *Collins*, *supra*, 2009 WL 2058702, at *2.  As to the other defendants, the claim against them failed because Plaintiff had not alleged their personal involvement in the alleged wrong, which involvement also had to be pled with adequate particularity.  *Id.* at *3.

In his amended complaint, Plaintiff names the following defendants on his malicious prosecution claim: Patrick Horner, a detective, apparently with the City of Harrisburg; Detective Gosher, also apparently with the City; Dominick DeRose, warden of

2

the Dauphin County Prison; Rick Foose and Fred Wright, Dauphin County correctional officers; Gretchen Rupp, a nurse at the prison; Stephen R. Reed, the former Mayor of Harrisburg; Judge Richard A. Lewis of the Dauphin County Court of Common Pleas, who presided over the case against Plaintiff; "John Doe," the City Solicitor; and Stephen A. Sawisky, an assistant district attorney, who prosecuted the case.

In relevant part, Plaintiff alleges the following. "[E]ven knowing" that [Plaintiff had been] attacked by CO Wright and several other guards," Detective Horner did not conduct a complete investigation of the altercation between Plaintiff and prison staff. (Doc. 33, Am. Compl. ¶ 4). This allegedly permitted a number of correctional officers "to write incident reports that were all different from CO Wright who claimed to be a victim of aggravated assault." (*Id.*).[1] Horner's failure to conduct a complete investigation also meant that he "failed to take statements" from Plaintiff's cell mate and other inmate witnesses. (*Id.* ¶ 7). Further, no one returned to the prison to take Plaintiff's statement about the incident or to investigate the criminal complaint Plaintiff had lodged against several guards about the use of excessive force. (*Id.* ¶ 9).

Plaintiff makes other allegations that apparently go to the probable-cause element of a malicious prosecution claim.[2] There were no pictures taken of Plaintiff's injuries after the assault even though Detective Gosher stated that pictures would be taken. (*Id.* ¶¶ 2 and 4). Two African-American guards were present for the incident, but they did not write an incident report. (*Id.* ¶ 5). Nurse Rupp's medical report "appeared to be fabricated," stating that Plaintiff had "no injuries" even though another nurse later "document[ed] several injuries." (*Id.* ¶ 6). "The charges were still bound over for trial"

---

[1] Wright is alleged to have later changed his story so that "actually" Plaintiff was "the victim." (*Id.* ¶ 8).

[2] *See Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007) (listing elements of a section 1983 malicious prosecution claim).

3

even though assistant district attorney Zawisky "did not have all the elements to make up a 'prima facie' case after CO Wright changed his sworn statement to a different story which actually made [Plaintiff] out to be the victim." (*Id.* ¶ 8).

Plaintiff makes the following allegations against other defendants. Warden DeRose "had actual knowledge of the false charges being the one who made CO Wright pursue filing charges, and also failed to take action stating that all allegations are denied . . . ." (*Id.* ¶ 10). The warden also never questioned the videotape showing Plaintiff in a restraint chair. (*Id.* ¶ 11).

Former "Mayor Reed is liable because of his failure to supervise city employees and because he breached his obligation to hire law-abiding citizens but also by having actual knowledge of the incident and showing personal involvement by allowing these incidents to continuously happen and not discipline employees." (*Id.* ¶ 13).

Plaintiff alleges Judge Lewis is liable because he breached a duty "to ensure that subordinate judicial officers comply with the law relating to the institution of criminal charges and the prosecution thereof" and refused to exercise his own discretion to dismiss a case that lacked sufficient evidence for conviction. (*Id.* ¶ 14). The John Doe city solicitor is alleged to be liable "by breaching his duty to see that his subordinates do not engage in unfair or capricious conduct [and by] having knowledge through the grievance system and showing personal involvement when coming across several allegations about prisoner abuse and fail[ing] to investigate and discipline those accountable for wrongdoings." (*Id.* ¶ 15). Detective Gosher[3] is alleged to be "liable because he breached an obligation to review investigations undertaken by subordinates to ensure they are not malicious prosecutions, and showed personal involvement when

---

[3] Also identified as Chief of Police Gosher.

he visited Plaintiff "about being beaten by prison guards" but instead sent two detectives two weeks later to arrest Plaintiff. (*Id.* ¶ 16).

III.    *Discussion*

As we advised Plaintiff in our July 10, 2009, memorandum, and as noted above, while a complaint need not contain "[d]etailed factual allegations," Plaintiff has to plead "enough facts to state a claim to relief that is plausible on its face." *Collins*, *supra*, 2009 WL 2058702, at *1 (internal quotation marks and quoted case omitted). Plaintiff cannot merely allege facts that are consistent with liability, and conclusional allegations are not enough. *Id.*

Plaintiff's amended complaint meets none of these requirements. None of the allegations provide sufficient factual support for a malicious prosecution charge against the supposedly main participants, Foose, Wright and Horner. For example, that a number of correctional officers wrote incident reports "that were all different" from CO Wright's position does not say how they were different.[4] Further, we already decided in our previous memorandum that Horner cannot be liable for a failure to investigate. *Id.* at *2. As to the other defendants, Plaintiff repeats allegations from his original complaint that did not show personal involvement, as we previously noted. *Id.* at *3. Plaintiff adds other allegations in an attempt to show personal involvement, but these are conclusional as well. For example, both former Mayor Reed and the John Doe city solicitor are both alleged to have personal involvement by failing to correct similar violations in the past, but Plaintiff does not say what these violations were. The requirement of adequate

---

[4] We also note that Wright allegedly changed his story so that Plaintiff was the victim, which contradicts Plaintiff's position that Wright was part of an attempt to maliciously prosecute him.

specificity applies equally to knowledge of past incidents that might show personal involvement. *Id.*[5]

    We will issue an appropriate order.

                                /s/William W. Caldwell
                                William W. Caldwell
                                United States District Judge

Date: March 2, 2010

---

[5] We add that Judge Lewis has absolute judicial immunity, *see Capogrosso v. the Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009), and the assistant district attorney has absolute prosecutorial immunity, *Collins*, 2009 WL 2058702, at *3, against damages for certain actions ascribed to them in the amended complaint, Judge Lewis for allegedly not dismissing the case and the prosecutor for trying the case.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHNNY COLLINS, :

    Plaintiff :

    vs. : CIVIL NO. 1:CV-09-1181
:

MAYOR OF THE CITY OF HARRISBURG,:
et al.,
    Defendants :

*O R D E R*

    Accordingly, this 2nd day of March, 2010, it ordered that:

    1. This action is dismissed under 28 U.S.C. § 1915(e)(2)(b) for failure to state a claim upon which relief may be granted.

    2. The Clerk of Court shall close this file.

    3. Any appeal from this order would not be in good faith for the reasons set forth in the accompanying memorandum.

                              <u>/s/William W. Caldwell</u>
                                William W. Caldwell
                                United States District Judge